a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SHANE JEANSONNE #20357-035,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-02097<br>SEC P |
| VERSUS | JUDGE DRELL |
| USA ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Shane Jeansonne ("Jeansonne"). Jeansonne is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") incarcerated at the Federal Correctional Institution in Petersburg, Virginia. He asks that he remain in custody for a period of time after his sentence is complete.

Because Jeansonne fails to state a cognizable habeas claim, his Petition should be DENIED and DISMISSED.

I. Background

Jeansonne pleaded guilty to one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The court imposed a prison term of 97 months plus five years of supervised release, and ordered compliance with the Sex Offender Registration and Notification Act as a condition of release. *United States v. Jeansonne*, 1:17-CV-267, ECF No. 37. On appeal, Jeansonne challenged the substantive reasonableness of his 97-month, within-guidelines prison sentence.

*United States v. Jeansonne*, 748 F. App'x 631, 632 (5th Cir. 2019). Jeansonne's sentence was affirmed. *Id.*

Jeansonne filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255 arguing that: (1) his counsel rendered ineffective assistance by failing to investigate possible defenses; (2) the Louisiana Internet Crimes Against Children Taskforce illegally seized evidence; and (3) parts of his sentence were incompatible with the doctrine of strict judicial scrutiny. The motion was denied. ECF No. 74. The United States Court of Appeals for the Fifth Circuit denied a certificate of appealability. *United States v. Jeansonne*, No. 19-30517 (5th Cir.), Document No. 00515550918.

Jeansonne asks this Court to order the BOP to keep him detained past his release date because releasing him in Louisiana would put his life in danger. ECF No. 1 at 16. Specifically, Jeansonne alleges that sex offenders face chronic homelessness, lack of employment opportunities, and vigilantism because of the sex offender registration requirements in Louisiana. *Id.* at 18. Thus, Jeansonne wants to delay his release from prison until he can find a residence in another state.

II. <u>Law and Analysis</u>

A writ of habeas corpus provides the sole remedy for prisoners who challenge the fact or duration of their confinement and seek an immediate or speedier release from that imprisonment. In fact, a release from custody is "the heart of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973). Section § 2241(c)(3) further

provides: "The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States."

Jeansonne does not claim that his sentence has been miscalculated by the BOP. Nor does not seek a speedier release from custody. In fact, Jeansonne requests the opposite—that he remain in custody beyond his release date until he can find a BOP-approved residence in another state or until he feels safe returning to Louisiana. ECF No. 1 at 8.

Jeansonne provides no authority for the BOP to detain him past his release date. Under the enabling statute outlining the BOP's duties and functions, extending a prisoner's sentence is not within the scope of the BOP's authority. *See* 18 U.S.C. § 4042; *Zakiya v. Reno*, 52 F.Supp.2d 629, 637 (E.D. Va. 1999). Rather, federal law specifically provides that "[a] prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment. . . ." 18 U.S.C. § 3624. Section 3621(a) also provides that "[a] person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed. . . ." Moreover, the Fifth Circuit has recognized that the BOP lacks authority to hold a prisoner beyond his release date. In re *United States Bureau of Prisons, Department of Justice*, 918 F.3d 431, 439 (5th Cir. 2019) (citing § 3624(a)).

To the extent Jeansonne seeks a relocation of his supervision to another district, his request must be directed to the BOP. *U.S. v. Grayson*, 2011 WL 9347462, at *1 (N.D. W.Va. 2011) ("While this Court has no objection to the relocation of the

defendant . . . , this decision must be made by the Bureau of Prisons ("BOP"), and this Court declines to instruct the BOP on this matter.") (citing 28 C.F.R. § 571.13 (2010) (describing the institution release preparation program and stating that inmates are encouraged to work with their case manager and the United States Probation Officer to develop a release plan)). Once Jeansonne is released, he can request a modification of supervision by the Court. *See* Fed. R. Civ. P. 32.1; 18 U.S.C. § 3605 (sentencing court may transfer jurisdiction over person on supervised release to another district court with concurrence of that court); *see also United States v. Henkel*, 358 F.3d 1013, 1015 (8th Cir. 2004) (noting that prisoner may apply to district court for appropriate modification under 18 U.S.C. § 3583(e)(2) upon release).

### III. Conclusion

Because Jeansonne does not seek a speedier release from custody and is not entitled to be detained past the term of his sentence as calculated by the BOP, IT IS RECOMMENDED that his Petition (ECF No. 1) be DENIED AND DISMISSED with prejudice.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

5

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, September 9, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE